[Cite as *State v. Weems*, 2011-Ohio-3589.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 95977

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRIAN WEEMS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-474343

**BEFORE:**   Stewart, P.J., Celebrezze, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   July 21, 2011

**ATTORNEY FOR APPELLANT**

Ronald A. Skingle
2450 St. Clair Avenue
Cleveland, OH    44114


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Thorin O. Freeman
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113


MELODY J. STEWART, P.J.:

The court conducted a de novo resentencing of defendant-appellant, Brian Weems, by video conference just days before his scheduled release from prison for the purpose of imposing a term of postrelease control. On appeal, Weems argues that his right to counsel was violated because the video conferencing format employed by the court prohibited him from meeting in private with his attorney, in violation of Crim.R. 43(A)(2)(d). Noting that a new sentencing hearing for the purposes of imposing postrelease control is no longer possible given his release from prison, he asks that his term of postrelease control be vacated.

Crim.R. 43(A)(1) ensures a defendant's right to be physically present at every stage of a criminal proceeding. Nevertheless, a defendant can waive the right to be

present in the courtroom and may participate in the proceedings "by remote contemporaneous video" upon certain conditions. See Crim.R. 43(A)(2)(d). As applicable here, these conditions include providing "private communication between the defendant and counsel." Id.

When the court convened for resentencing, Weems appeared by video link from prison; defense counsel and the assistant prosecuting attorney were in the courtroom with the judge. Weems expressed some initial concern over the appointment of defense counsel and voiced a desire to be present in the courtroom. The court told Weems that it would allow him to converse with defense counsel and decide whether he should waive his right to be physically present for resentencing. It stated: "[w]e'll all step out of the room, you'll have your privacy and [defense counsel] can answer any of the questions you need." Weems spoke off-the-record with defense counsel and then agreed to waive his physical presence in the courtroom. The court resentenced Weems to the same prison term that had been previously imposed along with a mandatory three-year term of postrelease control.

Weems argues that despite waiving his right to be physically present in the courtroom, the court failed to afford him an opportunity to speak in private with defense counsel. He maintains that the video conferencing system is located in the courtroom and that while the judge might have left the courtroom to allow a defendant and counsel to speak, "this type of setting is not private" because of the large amount of foot-traffic in

a typical courtroom, including attorneys, deputies, and other court personnel who typically move through the courtroom.

Weems may not challenge the video conference on appeal because he expressly agreed to participate in that format. *State v. Steimle*, 8th Dist. No. 95076, 2011-Ohio-1071, ¶17. He acknowledges his waiver, but argues that plain error exists with the failure to provide him complete privacy.

Nowhere in Weems's argument is the claim that he actually lacked privacy in the course of his conversation with defense counsel. The record does not show that anyone else was actually present in the courtroom when Weems discussed waiving his physical presence with defense counsel. Even if we were to credit Weems's assertion that people were moving in and out of the courtroom at the time he spoke with defense counsel, that fact alone would not suggest that he lacked the necessary privacy to confer with counsel. The Crim.R. 43(A) guarantee of "privacy" does not require a one-to-one conversation with counsel, alone in a secured room. Private conversations frequently occur when others are present but not listening, whether in the courtroom, the court hallways, or even at the sidebar, because there might not be any other logistically possible alternatives. As long as the contents of the conversation stay between a defendant and defense counsel, the privacy guarantee contained in Crim.R. 43(A) is satisfied.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KENNETH A. ROCCO, J., CONCUR